_____

| | |
|---|---|
| Johnny Phillip Sweat, #290414, | ) C/A No.   4:08-3223-TLW-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Warden, Broad River Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

_____ )

Petitioner, Johnny Phillip Sweat ("petitioner/Sweat"), is an inmate in the custody of the South

Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on September 23, 2008. Respondent filed a

motion for summary judgment on January 13, 2009, along with supporting memorandum.  The

undersigned issued an order filed January 14, 2009,  pursuant to Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible

consequences if he failed to respond adequately. On April 17, 2009, petitioner filed a response in

opposition to the motion for summary judgment.

_____

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the court.

# I.  PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. In fact, petitioner states in his response that he "concedes the facts as outlined in the Procedural History portion of Respondent's Return." (Doc. #27). Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is presently confined in the Broad River Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Charleston County convictions and sentence. The Charleston County Grand Jury indicted petitioner at the February 2002 term of court for assault and battery with intent to kill (02-GS-10-805) and first degree burglary (02-GS-10-806). **App. pp. 960-61; 963-64**. He was later indicted at the January 2003 term for three counts of assault with intent to kill (03-GS-636 through -638). **App. pp. 958-59; 967-68; 974-75; 978-79.** Kelly Kassis, Esquire, represented him on these charges.

On January 29, 2003, he received a jury trial before the Honorable Deadra L. Jefferson. The jury found him guilty as charged; and Judge Jefferson sentenced him to concurrent terms totaling twenty years imprisonment. **App. pp. 1-720; 957-80**.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Aileen P. Clare represented him on appeal. On March 4, 2004, petitioner filed his Final Brief of Appellant. **App. 721-30**. The Final Brief of Appellant only raised one issue for appellate review:

> Did the lower court err by admitting into evidence irrelevant, prejudicial testimony about prior bad acts?

**Final Brief of Appellant at p.3, App. 724**. The State had previously filed a Final Brief of respondent on February 23, 2004. **App. pp. 731-53**. Assistant Attorney General Norman Mark Rapoport represented the State on appeal.

On December 6, 2004, the South Carolina Court of Appeals affirmed petitioner's convictions in a published Opinion. *State v. Johnny Phillip Sweat,* Op. No. 3898 (S.C. Ct.App., Dec. 6, 2004).₁ **App. pp. 754-61**. The South Carolina Court of Appeals sent the Remittitur to the Charleston County Clerk of Court on December 22, 2004.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (05-CP-10-0268) on January 21, 2005. He alleged the following grounds for relief in his Application:

A.      Did the Magistrate's decision to issue the warrant without probable cause pursuant to S.C. Const. Art. I § 10 supported by oath pursuant to S.C. Code Ann. § 17-13-15 [1993] void[ed] the warrants and deprive[d] the court of subject matter jurisdiction? These warrants/indictments [have] a gun in them, that was never proving to have been in the crime. This essential element should have never been added to these indictments.

B.      [Trial counsel was ineffective for failing to object to erroneous reasonable doubt instruction].

C.      [Appellate counsel was ineffective for failing to raise issue on appeal that reasonable doubt instruction was erroneous].

D.      Ineffective assistance of trial counsel.

1.      Trial counsel was ineffective because he failed to adequately prepare for trial of the action through pretrial investigation.

2.      Counsel's substandard performance prejudiced the defendant through his failure to develop the facts and obtain statements and available testimony that would have established a defense of ... self defense a[nd] innocence.

3.      [Trial counsel was ineffective because he] rendered erroneous advice regarding the potential use of defendant's prior record to impeach his testimony if he ... testified as defendant did in this case. Counsel rendered erroneous advice regarding the potential sentences he would receive if he proceeded to trial and was convicted.

4.      [Trial counsel was ineffective because he failed] to ascertain and use matters for impeachment of [the] State's witnesses' testimony.

5.      [Trial counsel was ineffective because he failed to move for a directed verdict].

6.      [Trial counsel was ineffective because he failed to object to] the two Detectives Shepard and Wisonet never gave defendant a chance to read their statement and never should have been allowed be part of the record. [The defendant was not properly Mirandized] .

**App. pp. 763-775**. He filed an Amended Application, in which he raised additional allegations, on

April 17, 2006. **App. pp. 776-819**. As found by the PCR judge, petitioner raised the following

allegations of ineffective assistance of counsel in his original and amended Applications:

1. Ineffective assistance of trial counsel

(a)     Jury instruction on reasonable doubt was so confusing that reasonable juror could have interpreted charge as a whole to allow finding of guilt based on degree of proof below that required by due process clause, thus warranting remand for retrial, instructed referred to "Absolute Certainty" in defining reasonable doubt. . . .Therefore, the Circuit Court findings were erroneous, and the defendant's sentence must be set aside. And Counsel was ineffective for failure to object and preserve same for appeal Counsel.

(b)     Trial counsel failed to adequately prepare for trial of the action through pretrial investigation. Defendant claims actual innocence to these charges.

(c)     Counsel's substandard performance prejudiced the defendant through his failure to develop the facts and obtain statements and available testimony that would have established a defense of clear and convincing self defense are [sic] innocence.

(d)     Counsel rendered erroneous advice regarding the potential use of defendant's prior record to impeach his testimony if he proceeded to trial and testified as defendant did in this case. Counsel rendered erroneous advice regarding the potential sentences he would receive if he proceeded to trial and was convicted.

(e)     Counsel's prejudicially deficient performance tainted the outcome, by not moving this Honorable Court for Direct Verdict more than once through the whole trial.

(f)     Counsel's ineffective assistance and deficient performance, on no objection

4

on the two Detective's Shepherd and Whisonet never gave defendant a chance to read their statement and never should have been allowed to be part of the record. This isn't the proper way to Mirandize any defendant. So said counsel should have objected and sealed for the Appeal Courts to raise and brief at a later date.

(g)     Was the applicant's Sixth Amendment right to a fair trial prejudiced by the State's opening argument?

(h)     Was the applicant's Sixth Amendment right to a fair trial prejudiced by the State's use of inconsistent statements at trial?

(I)     Was the applicant's statement used against him at trial in violation of Miranda?

(j)     Was the applicant's Sixth Amendment right to a fair trial violated by the State's elicitation of bad character evidence during trial?

(k)     Was the applicant denied a fair trial by the State's use of perjured testimony at trial?

(l)     Was the applicant denied a fair trial by the State's improper cross-examination in regard to his statement to police officers?

(m)     Was the applicant denied a fair trial by the State's inflammatory and prejudicial closing argument?

(n)     Was the applicant denied a fair trial by the State's bolstering, pitting, and vouching in closing argument?

(o)     Was applicant denied a fair trial by defense counsel's failure to object to the State's improper closing argument?

(p)     Was applicant denied a fair trial by defense counsel's failure to call witnesses that would have provided exculpatory evidence and testimony at trial?

(q)     Was the applicant denied a fair trial by the cumulative errors of law during trial?

(r)     Failure to object to introduction of evidence that the applicant was on probation, contrary to a prior ruling by the trial judge

(s)     Failure to object to prejudicial hearsay testimony

(t)     Failure to note in trial presentation the lack of physical evidence and inconsistencies therein

(u)     Failure to object to improper opinion testimony by investigating officer

(v)     Failure to interview witness who invited the applicant into her home, which is the location of the alleged crimes

(w)     Failure to factually develop evidence presented about a domestic dispute which would show it was not a criminal domestic violence issue but a sex game

(x)     Failure to explain the implications of the plea agreement that was available prior to trial

2. Ineffective assistance of appellate counsel

(a)     Jury instruction on reasonable doubt was so confusing that reasonable juror could have interpreted charge as a whole to allow finding of guilt based on degree of proof below that required by due process clause, thus warrant remand for retrial, instructed referred to "Absolute Certainty" in defining reasonable doubt. . . .Therefore, the Circuit Court findings were erroneous, and the defendant's sentence must be set aside. . . .Appellate counsel was ineffective for the failing to raise the above meritorious claims.

3. Lack of Subject Matter Jurisdiction

(a)      Did the Magistrate's decision to issue the warrant without probable cause pursuant to S.C. Const. Art. 1 §10 supported by oath pursuance to S.C. Code Ann. § 17-13-15 [I 993] void the warrants and deprive the court of subject matter jurisdiction? These warrants/indictments had a gun in them that was never proved to have been in the crime. This essential element should never have been added in these indictments.

**App. Pp. 940-43**. The State filed its Return on June 17, 2005. **App. Pp. 820-26.**

The Honorable Daniel F. Pieper held an evidentiary hearing into the matter on September 13, 2006, at the Charleston County Courthouse. Petitioner was present at the hearing; and John S.

Wilkerson, III, Esquire, represented him. Assistant Attorney General Colleen E. Dixon represented the State. Petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Ms. Kassis. **App. pp. 828-937**. On November 1, 2006, Judge Pieper filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. **App. pp. 939-56**.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Pachak represented him in collateral appellate proceedings. On April 30, 2007, petitioner filed a Petition for Writ of Certiorari. The only Question Presented in the Petition for Writ of Certiorari was stated as follows:

> Whether defense counsel was ineffective in failing to object when State's witness Robin Sweat let it be known that petitioner was on probation because it suggested prior bad acts and placed petitioner's character into issue?

**Petition for Writ of Certiorari at p. 2**. The State filed a Return to Petition for Writ of Certiorari on August 13, 2007. The State counter-stated the issue presented as follows:

> Was the PCR Court correct in finding that Petitioner failed to meet his burden of proof to prove prejudice from counsel's failure to object to the State's witness referencing Petitioner's probationary status?

**Return to Petition for Writ of Certiorari at p. 1**. The South Carolina Supreme Court filed an Order denying certiorari on March 5, 2008. It sent the Remittitur to the Charleston County Clerk of Court on March 24, 2008.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

**GROUND ONE:**          Ineffective Assistance of trial counsel (exhausted claim)

**SUPPORTING FACTS:**

(a)     Trial counsel failed to object when the State's witness Robin Sweat let it be known during her testimony that petitioner was on probation, as it suggested prior bad acts and placed petitioner's character into issue. As it were, Petitioner raised numerous sub-claims in his original application for post-conviction relief under the "ineffective assistance of counsel" heading, however most were not raised and ruled upon by the State Supreme Court. It is thus Petitioner's contention that failure of this Honorable Court to address these claims on their merits constitutes a "gross miscarriage of justice."

Additional sub-claims are as follows:

(b)     trial counsel failed to adequately prepare for trial by way of pretrial investigations. Defendant claims "actual innocence" to these charges.

(c)     Counsel's substandard performance prejudiced defendant by way of failure to develop facts and object to statements that would have impeached state's witnesses and shown that this case was essentially "self-defense" and "actual innocence" by its very nature.

(d)     Counsel gave erroneous advice regarding the potential use of petitioner's prior criminal history to impeach his testimony at trial. Also, counsel gave bad advice concerning what sentence he would receive if he proceeded to trial and was convicted.

(e)     Counsel rendered ineffective assistance by failing to move more than once for a directed verdict based on insufficiency of evidence, in that the judgment is based upon less than a beyond a reasonable doubt standard of guilt.

(f)     Counsel rendered ineffective assistance by failure to object to Detective Shepherd and Whisonet's statement being entered into evidence when there was no proper foundation laid therefor. Such failure prejudiced Petitioner's case and, but for such failure the outcome of the trial, would have been different.

(g)     The Solicitor's opening statement violated Petitioner's right to a "fair trial" as guaranteed by the Sixth Amendment to the U.S. Constitution.

(h)     Counsel was ineffective for failure to object on the basis of Rule 613(b), SCRE, when the trial court permitted materially inconsistent statements as part of the evidence during witness' testimony.

(i)     Counsel was ineffective in allowing petitioner's uncounseled statement to be used against him at trial in violation of *Miranda v. Arizona*.

(j)     Counsel was ineffective for allowing "bad character" evidence to be elicited during trial in violation of his Sixth Amendment right to a "fair trial".

(k)     Counsel was ineffective for failure to object and move to suppress perjured testimony at trial.

(l)     Counsel rendered ineffective assistance in failing to object to *Doyle* in violation regarding his statement to police officers.

(m)     Counsel was ineffective for failure to object to the state's improper inflammatory and prejudicial closing argument.

(n)     Counsel was ineffective for failure to object to the state's bolstering, pitting and vouching comments during closing arguments.

(o)     Counsel was ineffective for failure to call exculpatory witnesses for Petitioner's defense at trial.

(p)     Was Petitioner denied his Sixth Amendment right to a "fair trial" due to the cumulative errors that accrued during trial?

Petitioner contends that due to the numerous errors and violations recited above, he is entitled to

relief on any one or each and every one that was raised.

**GROUND TWO**:          Ineffective assistance of appellate counsel.

**SUPPORTING FACTS**:    Petitioner submits that the jury instruction on reasonable doubt was so confusing that reasonable jurors could have easily interpreted charge as to allow finding of guilt based on degree of proof below that required by due process clauses of the U.S. Constitution's Fifth and Fourteenth Amendments, thus warranting remand for retrial. Therefore, the Circuit Court's findings were erroneous and the defendant's judgment of conviction and sentence ought be vacated and set aside because appellate counsel was not functioning as the counsel guaranteed by the U.S. Constitution's Sixth Amendment.

**GROUND THREE:**        Lack of subject matter jurisdiction.

**SUPPORTING FACTS**:    Petitioner contends that he Magistrate's decision to issue the warrant without probable cause, pursuant to S.C. Const. Art. 1 §10, supported by oath pursuant to S.C. Code Ann. § 17-13-15 (1993), voids the warrants and deprives the court of subject matter jurisdiction. The warrants/indictments made mention of a weapon (pistol) having been

used but was never proved at trial as having been a major part in the crime.

(Petition).

## III.  SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving

party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the <u>Celotex</u> case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Sweat filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 196 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998); <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See <u>O'Brien v. DuBois</u>, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases . . . A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.

# V. ANALYSIS

## Ground One

In Ground One of the habeas petition, petitioner asserts a claim of ineffective assistance of counsel. Petitioner raises sixteen allegations under ineffective assistance of trial counsel. Respondent argues that all of the claims are procedurally barred with the exception of Ground One(a) which was both ruled upon by the PCR judge and presented to the state supreme court on certiorari. In his response in opposition, petitioner states that he concedes to this fact. However, petitioner asserts that the other issues raised under ineffective assistance of counsel are not procedurally barred because the "PCR court simply failed to address the other claims that were asserted in petitioner's application. Moreover, since no Rule 59(e), SCRCP motion was filed and the S.C. Supreme Court merely stated in its mandate that 'Petition for Writ of Certiorari Denied,' no procedural bar can be raised." (Doc. 27).

In Ground One(a), petitioner alleges that trial counsel was ineffective because he failed to object when the prosecution's witness, Robin Sweat, testified that petitioner was on probation because it suggested prior bad acts and placed petitioner's character into issue. Respondent argues that the PCR judge's finding that petitioner was not prejudiced by any deficiency in counsel's failure to object was proper.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can

be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

A review of the PCR court's Order of dismissal reveals the PCR Judge found as follows:

The applicant first argues that trial counsel was ineffective for failing to object to admission of evidence of a prior conviction. See Ground 1(r). While ruling on the admissibility of a prior bad act at trial, the trial judge allowed testimony from the victim, but specifically ruled that she could not make any reference to probation. The judge asked the assistant solicitor if "she [the applicant's wife] understands that she can make no references to anything about probation, no statements to the probation agent, no showing of bruises to the probation agent. Trial Tr. P. 321, lines 17-21. The assistant solicitor answered in the affirmative. Notwithstanding, during the testimony, Robin Sweat read into the record a letter containing the following sentence: "I was

not aware that a restraining order would violate his [the applicant's] probation." Trial Tr. p. 337., lines 16-18. A bench conference was then held off the record, whereupon testimony resumed without objections from defense counsel. The applicant argues that trial counsel's failure to object constitutes ineffective assistance of counsel.

At the PCR hearing, trial counsel testified that she decided not to object to the introduction of the letter because it benefitted her case, since it recanted the victim's account of a previous criminal domestic violence charge. She also testified that she made a strategic decision not to object. However, she also testified that she did not remember why she did not catch the reference to probation and that reference to it at trial was definitely prejudicial to her client. She additionally testified, and the record reflects, that she did not contemporaneously object, ask for a curative instruction, or move for a mistrial.

The court finds that trial counsel's failure to object to the witness' reference to probation falls below an objective standard of reasonableness. See Huggler v. State, 360 S.C. 627, 602 S.E.2d 753 (2004) (counsel's failure to object to the admission of the victims' written statements, even though they likely constituted inadmissible hearsay and were improperly admitted, did not prejudice the outcome of the respondent's case) and Payne v. State, 355 S.C. 642, 586 S.E.2d 857 (2003) (counsel's failure to object to an inappropriate comment on the defendant's constitutional right not to testify satisfies the deficiency prong).

Trial counsel testified at the PCR hearing that although the improper introduction of evidence referencing probation prejudiced the applicant, it did not mean that the applicant would not have been convicted. In her opinion, evidence of a criminal domestic violence charge was not the evidence that made the case. The court finds that the applicant failed to meet his burden of showing that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland at 693. There was overwhelming evidence of guilt presented at trial including testimony from eyewitnesses. Relief is therefore denied on this ground.

(Tr. 945-946).

Even though the PCR court found that petitioner met the first prong in Strickland, the PCR judge found that he did not meet the second prong, prejudice. A review of the transcript, the Court of Appeals decision from the direct appeal, and the findings of the PCR court, the undersigned concludes that petitioner has not shown that but for counsel's errors that he would not have been convicted. There was testimony from eyewitnesses and overwhelming evidence. Petitioner's wife,

petitioner's brother-in-law, another person at the scene (Greene), and the victim were all eyewitnesses and testified at trial against the petitioner. In his response in opposition to the motion for summary judgment, petitioner states that the PCR found that trial counsel's performance was indeed deficient but erred in finding that he was not prejudiced by counsel's failure to object pursuant to the <u>Strickland</u> standard. However, as petitioner has failed to show prejudice, this claim fails. As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of <u>Hill</u> and <u>Strickland</u> and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. <u>See</u> <u>e.g.</u>, <u>Gardner v. Ozmint</u>, 511 F.3d 420 (4th Cir. 2007); <u>McNeil v. Reynolds</u>, 2009 WL 2043886 (D.S.C. July 10, 2009). Thus, the undersigned recommends that the respondent's motion for summary judgment be granted on this issue.

The remaining allegations under Ground One (b-p) are procedurally barred in that these issues were not submitted to the state's highest court in the petition for writ of certiorari.

The failure to raise a claim in the state post-conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief. See <u>Murch v. Mottram</u>, 409 U.S. 41, 46 (1972); <u>Bassette v. Thompson</u>, 915 F.2d 932, 937 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 982 (1991); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989); <u>Clanton v. Muncy</u>, 845 F.2d 1238, 1241 (4th Cir. 1988), <u>cert. denied</u>, 485 U.S. 1000 (1998). Similarly, if a petition before a federal court was not raised as a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual

prejudice. Coleman v. Thompson, supra. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, supra.

Thus, a prisoner must demonstrate cause for his state court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the claim's merits. Counsel's ineffectiveness in failing properly to preserve a claim for state court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim. Id. at 489-97. The comity and federalism principles underlying the doctrine of exhaustion of state remedies require an ineffective-assistance claim to be presented to the state courts as an independent claim, before it can be used to establish cause for a procedural default. Id. at 489. The doctrine's purposes would be frustrated if federal review were available to a prisoner who had presented his claim in state court, but in such a manner that the state court could not, under its procedural rules, have entertained it. Id.

In Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to
> "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly

enforced . . .

Id. at 910-911 (citations omitted).

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160. "Exhaustion includes the filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v. State, 495 S.E.2d 426, 428 (S.C. 1998).

The failure to raise a claim in the first state post-conviction petition as required by state law provides an adequate state procedural ground for denying federal habeas corpus relief. See Murch v. Mottram, 409 U.S. 41, 46 (1972); Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1998). Similarly, if a petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, supra. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, supra.

Thus, a prisoner must demonstrate cause for his state court default of any federal claim, and prejudice therefrom, before the federal habeas court will consider the claim's merits. Counsel's

ineffectiveness in failing properly to preserve a claim for state court review will suffice as cause, but only if that ineffectiveness itself constitutes an independent constitutional claim. Id. at 489-97. The comity and federalism principles underlying the doctrine of exhaustion of state remedies require an ineffective-assistance claim to be presented to the state courts as an independent claim, before it can be used to establish cause for a procedural default. Id. at 489. The doctrine's purposes would be frustrated if federal review were available to a prisoner who had presented his claim in state court, but in such a manner that the state court could not, under its procedural rules, have entertained it. Id.

In Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to
> "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.
>
> The exhaustion requirement, though not jurisdictional, is strictly enforced . . .

Id. at 910-911 (citations omitted).

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 to 17-27-160. "Exhaustion includes the filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." Gibson v.

State, 495 S.E.2d 426, 428 (S.C. 1998).

As allegations Ground One(b)-(p) were either not raised and ruled upon at PCR or not raised to the state's highest court in the petitioner for writ of certiorari, the issues are procedurally barred. Petitioner has failed to show cause to overcome the default. The undersigned finds that petitioner has failed to make the requisite showing to overcome this default, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, supra. Therefore, the undersigned recommends that Ground One(b)-(p)b in the habeas petition be dismissed as procedurally barred and respondent's motion for summary judgment granted on this issue.

## Ground Two

In Ground Two of the habeas petition, petitioner argues that appellate counsel was ineffective for failing to raise an issue on appeal that the reasonable doubt instruction was erroneous. Respondent argues that this issue is procedurally barred in that it was expressly abandoned at the PCR hearing. Even if the issue was not abandoned at PCR, it was not raised to the state supreme court on certiorari.

A review of the PCR transcript reveals that petitioner and his counsel both stated to the court that the issue concerning appellate counsel's conduct was being "dropped." Therefore, this issue is procedurally defaulted in that it was abandoned at PCR and it was not raised in the petitioner for writ of certiorari. Petitioner has not shown cause or prejudice to overcome this default. Therefore, it is recommended that this issue be dismissed and respondent's motion for summary judgment granted with respect to allegations of appellate counsel's conduct.

**Ground Three**

In Ground Three, petitioner argues that the trial court lacked subject matter jurisdiction because the magistrate did not comply with state law when issuing the warrant and that his actions violated the South Carolina constitution. Respondent asserts that this issue fails to state a claim upon which federal habeas relief may be granted because petitioner is merely complaining about a violation of state law and federal habeas corpus relief is not available to correct errors of state law.

The undersigned recommends that this issue be dismissed. As this issue pertains to the state court's jurisdiction, this issue should be dismissed because claims arising from state law are not cognizable. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Therefore, the undersigned recommends that this ground be dismissed.

## VI.  CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that respondent's motion for summary judgment (document # 16) be GRANTED and the petition dismissed without an evidentiary hearing. It is further recommended that any outstanding motions be deemed Moot.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 30, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**